LIMBAUGH, Senior District Judge,
concurring:
I concur with both the analysis and the result in this case under established Eleventh Circuit precedent. As the presiding district judge in the bench trial of the Hicks case, however, I feel compelled to write separately, and respectfully, to note my disagreement with the rule of law propounded in Combs v. Plantation Patterns, 106 F.3d 1519 (11th Cir.1997).
In Hicks the Supreme Court unequivocally stated, “[e]ven though (as we say here) rejection of the defendant’s proffered reasons is enough at law to sustain a finding of discrimination, there must be a finding of discrimination.” Hicks, 509 U.S. at 511 n. 4, 113 S.Ct. at 2749 n. 4 (emphasis in original). The Court explicitly recognized that “trial courts or reviewing courts should [not] treat discrimination differently from any other ultimate questions of fact. Nor should they make their inquiry even more difficult by applying legal rules which were devised to govern the basic allocation of burdens and order of presentation of proof in deciding this ultimate question.” Id., at 524, 113 S.Ct. at 2756 (quoting Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983)) (internal quotations and citation omitted). Simply put, the McDonnell Douglas burden shifting framework “is intended progressively to sharpen the inquiry into the elusive factual question of intentional discrimination,” Burdine, 450 U.S. at 255 n. 8, 101 S.Ct. at 1094 n. 8, not to raise the bar for defendant employers in the traditional application of Fed. R.Civ.P. 56(c). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986) (the nonmov-ing party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (same). In employment discrimination cases, “the ultimate question is discrimination vel non.” Hicks, 509 U.S. at 518, 113 S.Ct. at 2753 (quoting Aikens, 460 U.S. at 714, 103 S.Ct. at 1481).
A more than plausible reading of the facts of this case amply demonstrates the problem with the analysis offered in Combs. Assume Appellant establishes a prima facie case of discriminatory discharge. Assume further that Appellees advance several legitimate, nondiscriminatory reasons for the employer’s actions, i.e., Appellant had become a disruptive force in the plant by intentionally creating racial tensions among the lower level employees, negligently performing his duties, and threatening certain white employees. Finally, assume Appellant presents evidence sufficient to create a genuine issue of material fact as to the truth or falsity of Appellees’ legitimate, nondiscriminatory reasons. Under the existing rule of law in this Circuit, Appellant can survive a motion for summary judgment or for judgment as a matter of law.
Suppose, however, that there is virtually no evidence indicating that Appellant’s discharge was motivated by his race. On the contrary, -suppose the evidence overwhelmingly suggests that Appellant was discharged for his participation in a union organization effort at the plant. While this motivation is clearly unlawful under the National Labor Relations Act, see McClain of Georgia, Inc., 322 N.L.R.B. 367 (1996), it in no way violates Title VII or § 1981. See 42 U.S.C.2000e-2(a); 42 U.S.C.1981(a); see also Hazen Paper Co. v. Biggins, 507 U.S. 604, 608-14, 113 -S.Ct. 1701, 1705-08, 123 L.Ed.2d 338 (1993) (employer does not violate the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., by terminating older employees in order to prevent their pension benefits from *967 vesting, even though engaging in such action is unlawful under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.). Absent some evidence indicating that the employer was motivated by a discriminatory animus, “[w]e have no authority to impose liability ... for alleged discriminatory employment practices.” Hicks, 509 U.S. at 514, 113 S.Ct. at 2751. Accordingly, judgment as a matter of law must be granted in favor of the employer.
For these reasons and for the reasons mentioned therein, I find the analysis offered in Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 440-44 (11th Cir.), cert. denied, — U.S. -, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997), to be a more persuasive and accurate reading of Hicks. See also Hidalgo v. Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 335 (1st Cir.1997) (“In the context of a summary judgment proceeding, Hicks requires that once the employer has advanced a legitimate nondiscriminatory basis for its adverse employment decision, the plaintiff, before becoming entitled to bring the case before the trier of fact, must show evidence sufficient for the factfin-der reasonably to conclude that the employer’s decision to discharge him .... was wrongfully based on [an illegitimate criterion].”) (internal quotation omitted); Fisher v. Vassar College, 114 F.3d 1332, 1340 (2d Cir.1997) (en banc) (“a prima facie case meeting the minimal standard of McDonnell Douglas (even where elements are acknowledged by the defendant), together with a finding of pretext, do not necessarily add up to a sustainable case of discrimination”), cert. denied — U.S. -, 118 S.Ct. 851, — L.Ed.2d - (1997) (No. 97-404); Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir.1996) (en banc) (“The employer, of course, will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory.”); Ryther v. RARE 11, 108 F.3d 832, 848 (8th Cir.) (Loken, J., in a partial separate concurrence commanding a majority of the Eighth Circuit en banc), cert denied, — U.S. -, 117 S.Ct. 2510, 138 L.Ed.2d 1013 (1997) (“[a] district court may grant summary judgment or JAML for the employer, even if plaintiff has some evidence of pretext if that evidence, for one reason or another, falls short of proving intentional discrimination”).